IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff*, | § § § | |
| **v.** | § § | **CASE NO. 7:08-cv-0061** **(LEAD CASE)** |
| **26.744 ACRES OF LAND, MORE OR LESS, SITUATED IN STARR COUNTY, STATE OF TEXAS; AND ANABELL G. GARCIA, ET AL.** *Defendants*. | § § § § § § § | |
| **UNITED STATES OF AMERICA,** *Plaintiff*, | § § § | |
| **v.** | § § | |
| **2.94 ACRES OF LAND, MORE OR LESS, SITUATED IN STARR COUNTY, STATE OF TEXAS; AND ANABEL GARCIA, ET AL.,** *Defendants*. | § § § § § § | **CASE NO. 7:08-CV-190** **(MEMBER CASE)** |

**DEFENDANT CITY OF ROMA, TEXAS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT IN CONDEMNATION**

TO THE HONORABLE COURT:

NOW COMES DEFENDANT, The City of Roma, Texas, and the 26.744 and 2.94 acres of land, more or less, to the extent such land is owned or controlled by the City of Roma, Texas (the "City") and files this Answer to the Amended Complaint in Condemnation of Plaintiff, the United States of America ("USA") and responds as follows:

**I.    Property in which City Defendant claims an easement interest. See Amended Complaint in Condemnation, Schedules CC, DD, and GG.**

1. Tract RGV-RGC-1045

2. Tract RGV-RGC-1045E-1

1

    3. <u>Tract RGV-RGC-1045E-2</u>

    4. <u>Tract RGV-RGC-1098E-1</u>

    5. <u>Tract RGV-RGC-1098E-2</u>

**II.**    **Nature and extent of City Defendant's interest in the property.**

The Defendant is a municipality created and organized under the laws of the State of Texas. The City Defendant asserts that it owns an easement interest in the above-identified property that is the basis of the condemnation, subject to any corrections in the legal description, additional title work, and/or surveys that may be necessary to establish a correct legal description. This includes all property identified in the Amended Complaint as belonging to the City.

**III.**    **Objections and affirmative defenses to the taking.**

A. City Defendant objects to Plaintiff's proposed taking as it exceeds statutory authority because Plaintiff has failed to meaningfully consult with the City, as required by the Consolidated Appropriations Act, 2008 ("2008 Appropriations Act"), Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008).

B. The City Defendant objects to Plaintiff's proposed taking as it would deny the City due process of law.

C. The amount of Plaintiff's proposed compensation is unjust and inadequate to compensate for the property to be condemned.

D. Plaintiff's proposed taking is arbitrary and capricious, in part because Plaintiff has failed to consult with City as required by Pub. L. 110-161, §564(1)(C)(I), 121 Stat. 2090 (2008). This failure to consult effects and relates to issues involving the City's daily functions and operations as a municipality. Such includes the location, re-direction and/or impact of the border

fence on a city-owned facilities including roadways or utilities.  The City asserts that Plaintiff has not, to date, engaged in meaningful discussions with City as required by the Appropriations Act, but only in informal, non-definitive discussions regarding such.  The City wishes to advise the Court that it is not opposed to Plaintiff's governmental prerogatives of entry for the purpose of surveying, inspecting, testing, or otherwise investigating the location of the fence and to consider alternatives and impacts in relation to the City's municipal roadway and water functions, or any related municipal activity in the area, in order to achieve the goals of the Congressional mandate.

      E.  The City objects to the nature of the interest/estate to be condemned, and asserts that Plaintiff can accomplish its same objectives with regard to the border security infrastructure over the proposed property, through alternative means, including a type of permanent easement with right of reverter should the border fence project be abandoned or dismantled at a future date.

      F. The City asserts that the statutory deadline under which Plaintiff is operating is arbitrary and capricious, creates an unnecessary time pressure and has no rational relationship to a legitimate governmental purpose.

      G.  The City asserts that the legal description contained in Schedules CC & DD of the Amended Complaint may be inaccurate, and any inaccuracies should to be corrected.

**IV.**   **Answer.**

      In addition to and without waiving, the objections and defenses asserted above, the City responds to the Plaintiff's specific allegations as follows:

1. With respect to Paragraph 1 of the Amended Complaint, the City admits.

2. With respect to Paragraph 2 of the Amended Complaint, the City admits the Court has jurisdiction pursuant to 28 U.S.C. § 1358.

3. With respect to paragraph 3 of the Amended Complaint, the City admits that the enumerated statutes generally provide legal authority for the taking of interests in property, but is unable to admit or deny whether this action has been instituted in accordance with such.

4. With respect to paragraph 4 of the Amended Complaint, the City admits such purpose is USA's stated purpose for the interest in said property.

5. With respect to paragraph 5 of the Amended Complaint, the City cannot admit or deny that the clarified legal descriptions and plats of the lands identified by Plaintiff are correct or are "hereto acquired in these proceedings," therefore denied.

5. With respect to paragraph 5 of the Amended Complaint, the City cannot admit or deny that the clarified legal descriptions and plats of the lands identified by Plaintiff are correct or are "heretofore acquired in these proceedings," therefore denied.

6. With respect to paragraph 6 of the Amended Complaint, the City cannot admit or deny that the clarified legal descriptions and plats of the lands identified by Plaintiff are correct or are "already acquired in these proceedings," therefore denied.

7. With respect to paragraph 7 of the Amended Complaint, the City admits that USA sets forth in Schedule FF its revised compensation estimated for the property interest being acquired, but cannot admit or deny whether this amount constitutes just compensation, therefore denied.

8. With respect to paragraph 8 of the Amended Complaint, the City is unable to admit or deny whether all known parties having or claiming an interest in said property are set forth, therefore denied.

8. With respect to paragraph 9 of the Amended Complaint, the City is unable to admit or deny, therefore denied.

**V.     Jury Demand.**

       The City demands a jury to the extent allowed in this proceeding.

**VI.     Conclusion & Prayer for Relief.**

Therefore, based on the foregoing, the City respectfully requests that the Court:

1. Dismiss the complaint in its entirety, or

2. Alternatively,

    a. Grant it a trial by jury as to the matters alleged in the complaint, including just compensation and the estate to be condemned;

    b. Direct Plaintiff to meaningfully consult with the City as required by the 2008 Appropriations Act; and,

    c. Order such other relief in the City's favor as it may, in its discretion, deem appropriate.

Signed on this the 14th day of February, 2019.

Respectfully submitted,

By:     */s/ Joshua D. Katz*
Joshua D. Katz
Attorney-in-Charge
Texas Bar No. 24044985
Southern District No. 2156333
jkatz@bickerstaff.com

Kelli C. Fuqua
Texas Bar No. 24097713
Southern District No. 2830392
kfuqua@bickerstaff.com

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Fax: (512) 320-5638

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that on this 14th day of February, 2019, a true and correct copy of the foregoing document was filed with the Court via the CM/ECF, and that a true and correct copy of this document was served upon all counsel of record by electronic service via the Court's CM/ECF.

*/s/ Joshua D. Katz*
Joshua D. Katz